# EXHIBIT A

6010 godey

1  Stanton L. Stein (SBN 45997)
       lstein@linerlaw.com
2  Ashley R. Yeargan (SBN 259523)
       ayeargan@linerlaw.com
3  LINER LLP
   1100 Glendon Avenue, 14th Floor
4  Los Angeles, California 90024.3518
   Telephone:     (310) 500-3500
5  Facsimile:     (310) 500-3501

6  Attorneys for Plaintiff Blake Tollison Shelton

7

**FILED**
Superior Court of California
County of Los Angeles

OCT 19 2015

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
       Shaunya Bolden

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

10

11  BLAKE TOLLISON SHELTON, an
    individual,

12                                              Case No.   **BC 5 9 8 2 3 9**

13                Plaintiff,                     **COMPLAINT FOR**

        vs.                                     **(1) DEFAMATION**
14
    BAUER PUBLISHING COMPANY, L.P.;             **(2) FALSE LIGHT INVASION OF**
15  BAUER MAGAZINE, L.P; BAUER MEDIA                **PRIVACY**
    GROUP, INC.; BAUER, INC.; HEINRICH
16  BAUER NORTH AMERICA, INC.; BAUER
    MEDIA GROUP USA, LLC; and DOES 1-20,
17  inclusive
                                                **DEMAND FOR JURY TRIAL**
18                Defendants.

19

20

21

22

23

24

25

26

27

28

CIT/CASE: BC598239
LEA/DEF#:

RECEIPT #: CCH465980057
DATE PAID: 10/19/15  09:59 AM
PAYMENT:  $435.00    310
RECEIVED:
    CHECK:              $435.00
    CASH:                 $0.00
    CHANGE:               $0.00
    CARD:                 $0.00

50677.001-2556237v6

COMPLAINT

LINER LLP
1100 Glendon Avenue | 14th Floor
Los Angeles, CA 90024-3518

1    Plaintiff Blake Tollison Shelton ("Mr. Shelton" or "Plaintiff"), as and for his Complaint

2    against Defendants Bauer Publishing Company L.P., Bauer Magazine, L.P., Bauer Media Group,

3    Inc., Bauer, Inc., Heinrich Bauer North America, Inc., Bauer Media Group USA, LLC

4    (collectively, "Bauer") and Does 1 through 20 inclusive (collectively, "Defendants"), alleges as

5    follows:

6                                     **INTRODUCTION**

7           1.      Blake Shelton has had enough.  For the second time in as many months, Bauer has

8    maliciously plastered Mr. Shelton's face on the cover of its tabloid *In Touch Weekly* ("*In Touch*")

9    and made false accusations all in an effort to drive magazine sales.  After falsely accusing Mr.

10   Shelton of being unfaithful to Miranda Lambert, Bauer recently released a cover bearing the

11   heading "The Real Story: REHAB For Blake" (hereinafter the "Rehab Story"), which, among

12   other things, falsely and maliciously indicates that Mr. Shelton is in rehab.

13          2.      Mr. Shelton is not in rehab and has no plans to go to rehab, which Bauer would

14   have known had it bothered to contact any of Mr. Shelton's representatives prior to publication of

15   its misleading Rehab Story.  Instead, on the heels of wildly successful sales of its false cover story

16   alleging Mr. Shelton had an affair, and that affair caused the end of his marriage, *In Touch* went

17   straight to publication with a second false and salacious cover it knew would hook readers who

18   seem to have an endless appetite for intimate details of celebrities supposedly in crisis.

19          3.      Mr. Shelton, who is not a litigious person, was prepared to let the first cover go, as

20   he and his peers often do because the 24/7 news cycle and proliferation of Internet "news" sites

21   makes it physically impossible to react to each and every falsehood published about them.

22   Further, publications that had re-posted that first story took it down immediately upon being

23   notified that it was false, and *In Touch* had assured Mr. Shelton that it was going to leave him

24   alone.  Apparently, that was not the case.

25          4.      Accordingly, Mr. Shelton hereby commences this action both to set the record

26   straight – he is not in rehab, his "close circle" is not trying to seek an intervention, and he is, in

27   fact, hard at work on *The Voice* and other projects – and to recover damages for the harm Bauer

28   has done to his reputation, and to punish Bauer for its malicious conduct and concoction of false

1 | and misleading stories about him for the purpose of driving magazine sales.

**PARTIES AND VENUE**

3 | 5.     Plaintiff Blake Shelton is an individual who primarily resides in Oklahoma City, Oklahoma, but provides services in Los Angeles, California and has been harmed in Los Angeles, California.

6 | 6.     Plaintiff is informed and believes, and based thereon alleges, that defendant Bauer Publishing Company, L.P. is a limited partnership organized under the laws of the State of New Jersey, with its principal place of business in New Jersey, and is engaged in business in Los Angeles, California.

10 | 7.     Plaintiff is informed and believes, and based thereon alleges, that defendant Bauer Magazine L.P. is a limited partnership organized under the laws of the State of Delaware, with its principal place of business in New Jersey, and is engaged in business in Los Angeles, California.

13 | 8.     Plaintiff is informed and believes, and based thereon alleges, that defendant Bauer Media Group, Inc. is a corporation incorporated under the laws of the State of Delaware, with its principal place of business in New York, and is engaged in business in Los Angeles, California. Plaintiff is further informed and believes, and based thereon alleges, that Bauer Media Group, Inc. also maintains an office in Los Angeles.

18 | 9.     Plaintiff is informed and believes, and based thereon alleges, that defendant Bauer, Inc. is a corporation incorporated under the laws of the State of Delaware, with its principal place of business in New Jersey, and is engaged in business in Los Angeles, California.

21 | 10.     Plaintiff is informed and believes, and based thereon alleges, that defendant Heinrich Bauer North America, Inc. is a corporation incorporated under the laws of the State of Delaware, with its principal place of business in New York, and is engaged in business in Los Angeles, California.

25 | 11.     Plaintiff is informed and believes, and based thereon alleges, that defendant Bauer Media Group USA, LLC is a limited liability company incorporated under the laws of the State of Delaware and is engaged in business in Los Angeles, California. Bauer Media Group USA, LLC's principal place of business is unknown to Plaintiff.

LiNER LLP
1100 Glendon Avenue | 14th floor
Los Angeles, CA 90024-3518

12.     Plaintiff is unaware of the true names and capacities of the defendants sued herein as Does 1 through 20, inclusive, and therefore sues these defendants by fictitious names. Plaintiff will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and based thereon alleges, that each fictitiously named defendant is responsible in some way for the acts, occurrences and events alleged in this complaint, and is liable to plaintiff therefore. Bauer Publishing Company, L.P., Bauer Magazine L.P., Bauer Media Group, L.P., Heinrich Bauer North America, Inc., Bauer Media Group USA, LLC (collectively, "Bauer"), and Does 1 through 20 are sometimes referred to collectively herein as "Defendants."

13.     Plaintiff is informed and believes, and based thereon alleges, that at all times relevant herein, Defendants have operated as a joint venture dividing revenues and profits between them and seeking by their joint efforts to maximize gains and minimize losses. As such, each and every Defendant herein is equally responsible in whole or in part for each and every act alleged herein.

14.     Defendants own, control, publish and/or contribute to the publication of tabloid magazines, including *Life & Style* and *In Touch*, which are distributed in print throughout the world, including in Los Angeles, California.  On their website, they describe themselves as the "#1 Seller of Magazines at Retail in the Country."  They place their magazines at supermarket checkout counters and in other stores and outlets throughout the country, including in Los Angeles, California.  Defendants rely on photographs of celebrities and catchy, salacious (and false) headlines to draw the attention of people waiting in line at stores or passing by magazine stands, many of whom do not, in fact, actually purchase their magazine and walk away with whatever message the eye-popping cover conveys.

15.     In addition to their print publications, Defendants often publish reproductions of their tabloid covers, sometimes with portions of their related stories, on their Internet web sites in order to promote the sale of their tabloids.  Such publications are also available to Internet users located in Los Angeles, California.

///

# SUMMARY OF RELEVANT FACTS

**A.**   **Mr. Shelton**

16.   Mr. Shelton is a country music superstar boasting three gold records, twenty number one country singles, and five Grammy nominations. Mr. Shelton is also known for his role as judge and coach on the Emmy-winning television program, *The Voice*. Mr. Shelton's team has won the show's contest four out of eight seasons.

17.   Contrary to *In Touch*'s Rehab Story, Mr. Shelton has been hard at work. Bauer published the Rehab Story on September 16, 2015. On Saturday, September 19, 2015, Mr. Shelton performed live at the iHeartRadio Music Festival. His appearance was widely publicized in advance of the concert. On Monday, September 21, 2015, the ninth season of *The Voice* premiered. On Wednesday, September 23, 2015, Mr. Shelton gave his fans a free concert in Nashville. Mr. Shelton is also busy preparing for the October 23, 2015 release of *Reloaded: 20 #1 Hits*, Mr. Shelton's second greatest hits album. In addition, Mr. Shelton continues to fulfill his commitments as a spokesperson for Nissan, Gildan, and various other business endeavors.

18.   Mr. Shelton's reputation and persona are essential to his success. Mr. Shelton actively cultivates his persona, including via social media. For example, through Mr. Shelton's Twitter account, @blakeshelton, Mr. Shelton promotes his music and television projects, and endorses various businesses with which Mr. Shelton is affiliated. Mr. Shelton also uses social media to communicate directly with fans and often makes jokes about comments from Internet trolls. Mr. Shelton posts to Twitter multiple times a day on average on topics ranging from sports to the Miss America pageant.

**B.**   **The First *In Touch* Cover**

19.   On its August 10, 2015 cover of *In Touch*, Bauer depicted a close headshot of Mr. Shelton with the headline, "Blake's 'Other Woman' Tells All" (the "Affair Story"). Inside, the "Other Woman" phrase was repeated with a sub-headline that said: "Her fling with Blake Shelton nearly destroyed Cady Groves…" The Affair Story falsely portrayed Mr. Shelton as an adulterer who had a relationship with a woman named Cady Groves that caused the end of his marriage to Miranda Lambert ("Ms. Lambert"). In the text of the story, *In Touch* wrote that "cheating

1   allegations are swirling[.]" The Affair Story went on to state that Ms. Groves "doesn't deny that

2   she and Blake, 39, had an affair" (which is tantamount to a statement that they did), and purported

3   to quote "one of her friends" (unidentified, of course) as saying that Ms. Groves and Mr. Shelton

4   had sex for at least a year and Mr. Shelton broke her heart.

5        20.    The average reader was left with the impression that not only did Mr. Shelton have

6   a sexual relationship with Ms. Groves, but that that relationship contributed to, or even caused, his

7   divorce from Ms. Lambert. Indeed, that message is confirmed by the manner in which *Radar*

8   *Online* republished the Affair Story, referring to Ms. Groves as Mr. Shelton's "mistress" (to its

9   credit, *Radar Online* immediately took its story down when advised that the *In Touch* story was

10   false).

11        21.    The Affair Story was false. Mr. Shelton first met Ms. Groves when she was a

12   struggling new artist at RCA Records and his label asked him to do a favor by appearing in her

13   first music video. He obliged and they became friends for a period of time. Eventually, Mr.

14   Shelton stopped communicating with Ms. Groves. They did not have a sexual relationship or

15   affair of any nature whatsoever. Ms. Groves has described allegations in the media that she was

16   the "other woman" as "stupid rumors" and confirms that she was simply a friend of Mr. Shelton.

17        22.    It is clear that Bauer saw an opportunity and ran with it, with little-to-no research or

18   fact-checking in support of the Affair Story. Further, Bauer was on notice that any relationship

19   had long been denied. Had Bauer's reporters done any investigation, they would have discovered

20   the full extent of the Affair Story's defamatory depiction of Mr. Shelton. The lack of investigation

21   and fact checking with Mr. Shelton is more than adequate to demonstrate that Bauer acted with

22   actual malice or, at a minimum, with a reckless disregard for the truth in publishing the Affair

23   Story.

24        23.    Though Mr. Shelton demanded a retraction of the Affair Story, Bauer refused. One

25   of its editors did, however, promise counsel for Mr. Shelton that he would be "laying off" him and

26   that litigation would be unnecessary to protect Mr. Shelton from future stories.

27   ///

28   ///

C.    **The _In Touch_ Rehab Story**

24.    Less than two months later, _In Touch_ published another cover, again with a close headshot of Mr. Shelton, bearing the headline "The Real Story: REHAB For Blake," which, among other things, falsely and maliciously suggests that Mr. Shelton is in rehab. A true and correct copy of this cover and related story is attached hereto as Exhibit "A" and made a part hereof.

25.    Mr. Shelton is not in rehab and has no plans to go to rehab. The Rehab Story's cover and interior headlines, however, suggest exactly the opposite. Indeed, as _In Touch_ undoubtedly intended, the average reader was drawn to the magazine and the Rehab Story thinking that he or she is going to read that Mr. Shelton "bottomed out" and checked himself into rehab. Many readers will stop at the cover.

26.    Those who do read the Rehab Story will find numerous further false assertions of fact that only reinforce and support the headline's message. Such false statements include:

    (a)    "Blake has his rock bottom";

    (b)    "His friends are terrified that he could end up dead at this rate"

    (c)    "Blake's drinking and womanizing are what helped torpedo his four-year marriage to Miranda[;]"

    (d)    Mr. Shelton did something "while wasted that destroyed his marriage";

    (e)    Mr. Shelton was "caught" by Ms. Lambert with "a bunch of naked women" in their home;

    (f)    Mr. Shelton started drinking at age fourteen as "a form of coping with his brother's death";

    (g)    "His close friends have talked about an intervention"; and,

    (h)    "Blake's friends, colleagues and handlers won't give up on him – and have all urged him to seek help."

The Rehab Story is also replete with salacious falsehoods, including that Mr. Shelton traveled to Mexico for a bachelor party where he partied with strippers, visited strip clubs, and got into a hot tub in his hotel room with two anonymous women. Collectively, the false statements set forth in

LINER LLP
1100 Glendon Avenue | 14th Floor
Los Angeles, CA 90024-3518

1    this Paragraph 26 will be referred to herein as the "Statements."

2        27.     To be clear: Mr. Shelton has not hit rock bottom. Not only is Mr. Shelton not in

3    rehab, but nobody close to him is talking about an intervention or telling Mr. Shelton that he

4    should go to rehab. Neither drinking nor womanizing contributed to Mr. Shelton's divorce from

5    Ms. Lambert. Mr. Shelton traveled to Mexico for a vacation with friends and some of their wives.

6    There was no bachelor party. There were no strippers or strip clubs. There was no late night hot

7    tub session in Mr. Shelton's hotel room, which did not even have a hot tub. Mr. Shelton did not

8    start drinking at the age of fourteen to cope with his brother's death.

9        28.     Though, as set forth above, Mr. Shelton has previously put Bauer on notice that Mr.

10   Shelton was not unfaithful to Ms. Lambert and that alleged infidelity by Mr. Shelton did not cause

11   his divorce from Ms. Lambert, the Rehab Story falsely alleges that Mr. Shelton was "caught" by

12   Ms. Lambert with "a bunch of naked women" in their home. This is also completely false.

13        29.     Together with the headline, the story about Mr. Shelton's trip to Mexico, and eight

14   Tweets cherry-picked and excerpted by *In Touch* over the course of ten months for the purposes of

15   painting the picture it wanted to paint, Mr. Shelton is portrayed as a man unhinged and, as stated

16   on the cover, a man at "rock bottom." This is patently false and is damaging to Mr. Shelton, who

17   is currently hard at work filming *The Voice*, preparing for the release of his next album, and

18   fulfilling endorsement commitments. *In Touch*'s publication exposed Mr. Shelton to contempt,

19   ridicule and obloquy, and tarnished both his personal and business reputation.

20        30.     The Rehab Story was published with malice or, at a minimum, a reckless disregard

21   for the truth. As with the prior story, Bauer did not even give Mr. Shelton notice of what it

22   intended to publish, or an opportunity to rebut any of the specific allegations set forth in the Rehab

23   Story in advance of its publication.

24        31.     Unlike the last time, Bauer knew that Mr. Shelton had legal counsel, knew how to

25   reach that counsel, and had previously corresponded with that counsel with respect to Mr.

26   Shelton's demand for retraction of the Affair Story. Rather than reach out to such counsel or any

27   of Mr. Shelton's other representatives to verify the allegations in the Story, Bauer went straight to

28   publication with a sensational and false cover that likely sold as many or more magazines as the

LINER
1100 Glendon Avenue | 14th Floor
Los Angeles, CA 90024-3518

1    sensational and false August 2015 cover.

2        32.    On September 18, 2015, Mr. Shelton's representatives demanded a retraction of the

3    Rehab Story, but, up to and including the date of the filing of this complaint, Defendants have

4    failed and refused to publish a correction or retraction as required by law.

5    **FIRST CAUSE OF ACTION**

6    **[For Libel Per Se]**

7    **[By Blake Shelton Against All Defendants]**

8        33.    Plaintiff Mr. Shelton repeats and realleges each and every allegation contained in

9    paragraphs 1 through 32, inclusive, above, as if fully set forth herein.

10       34.    Defendants published the Rehab Story, a true and correct copy of which is attached

11   hereto as Exhibit "A" and made a part hereof.

12       35.    The Rehab Story as a whole and each of the Statements are of and concerning Mr.

13   Shelton, and persons who read the Rehab Story reasonably understood the references therein to be

14   references to Mr. Shelton.

15       36.    The Rehab Story as a whole and each of the Statements are false as they pertain to

16   Mr. Shelton.

17       37.    The Rehab Story as a whole and each of the Statements are defamatory on their

18   face of Mr. Shelton and expose him to hatred, contempt, ridicule and obloquy, and/or cause him to

19   be shunned or avoided and tend to injure him in his occupation.

20       38.    Upon information and belief, Mr. Shelton alleges that the Rehab Story as a whole

21   and each of the Statements were made by each of the Defendants with knowledge of their falsity

22   or with reckless disregard for their truth or falsity.

23       39.    Upon information and belief, Mr. Shelton alleges that the Rehab Story as a whole

24   and each of the Statements were made by each of the Defendants in a grossly irresponsible manner

25   with want of due care.

26       40.    Upon information and belief, Mr. Shelton alleges that the Rehab Story as a whole

27   and each of the Statements were seen and read in Los Angeles, California.

28

41.     On September 18, 2015, Mr. Shelton's representatives demanded a retraction but, up to and including the date of the filing of this complaint, Defendants have failed and refused to publish a correction or retraction.

42.     As a direct and proximate result of the above-described conduct by Defendants, Mr. Shelton has suffered general and special damages in an amount to be determined at trial but believed to be no less than One Million Dollars ($1,000,000.00), including without limitation, damage to Mr. Shelton's reputation, career and standing in the community.

43.     Upon information and belief, Mr. Shelton alleges that each defendant's conduct was done with oppression, fraud and malice and that, therefore, the conduct of Defendants justifies an award of punitive and exemplary damages.

44.     Upon information and belief, Mr. Shelton alleges that, unless enjoined and restrained by the Court, Defendants will republish, repeat and continue to disseminate the Rehab Story, all to the continuing injury of Mr. Shelton; that such continued republication, repetition and dissemination of the defamatory and offensive falsehoods will cause irreparable harm to Mr. Shelton by damaging his reputation and adversely affecting his philanthropic and business efforts as well as his personal relationships. Mr. Shelton alleges that he lacks an adequate remedy at law insofar as damages will be very difficult to calculate for such on-going injuries. By reason of the foregoing, Mr. Shelton is entitled to a permanent injunction enjoining and restraining Defendants, and each of them, and all persons acting in concert with them, from republishing, repeating, distributing or otherwise disseminating the Rehab Story.

## SECOND CAUSE OF ACTION

[For False Light Invasion of Privacy]

[By Mr. Shelton Against All Defendants]

45.     Plaintiff Mr. Shelton repeats and realleges each and every allegation contained in Paragraphs 1 through 44, inclusive, above, as if fully set forth herein.

46.     Defendants published the Rehab Story, a true and correct copy of which is attached hereto as Exhibit "A" and made a part hereof.

47.     The Rehab Story as a whole and each of the Statements were widely publicized by the Defendants.

48.     The Rehab Story as a whole and each of the Statements are of and concerning Mr. Shelton and persons who read the Story reasonably understood the references therein to be references to Mr. Shelton.

49.     The Rehab Story as a whole and each of the Statements are false as they pertain to Mr. Shelton.

50.     To the extent that all or any part of the Rehab Story as a whole or any of the Statements are found not to be defamatory of Mr. Shelton, the Rehab Story, and the Statements place Mr. Shelton in a false light which would be highly offensive to a reasonable person.

51.     Upon information and belief, Mr. Shelton alleges that the Rehab Story as a whole and each of the Statements were made by each of the Defendants with knowledge of their falsity or with reckless disregard for their truth or falsity.

52.     Upon information and belief, Mr. Shelton alleges that the Rehab Story as a whole and each of the Statements were made by each of the Defendants in a grossly irresponsible manner and negligently, with want of due care.

53.     Upon information and belief, Mr. Shelton alleges that the Rehab Story as a whole and each of the Statements were seen and read in Los Angeles, California.

54.     On September 18, 2015, Mr. Shelton's representatives demanded a retraction but, up to and including the date of the filing of this complaint, Defendants have failed and refused to publish a correction or retraction.

55.     As a direct and proximate result of the above-described conduct by Defendants, Mr. Shelton has suffered general and special damages in an amount to be determined at trial but believed to be no less than One Million Dollars ($1,000,000.00), including damage to Plaintiff's reputation, career and standing in the community.

56.     Upon information and belief, Mr. Shelton alleges that each Defendant's conduct was done with oppression, fraud and malice and that, therefore, the conduct of each Defendant justifies an award of punitive and exemplary damages. Upon information and belief, Mr. Shelton

1  alleges that, unless enjoined and restrained by the Court, Defendants will republish, repeat and

2  continue to disseminate the Rehab Story and the Statements all to the continuing injury of Mr.

3  Shelton ; that such continued republication, repetition and dissemination of the defamatory and

4  offensive falsehoods will cause irreparable harm to Mr. Shelton by damaging his reputation and .

5  adversely affecting his philanthropic and business efforts as well as his personal relationships.

6  Mr. Shelton alleges that he lacks an adequate remedy at law insofar as damages will be very

7  difficult to calculate for such on-going injuries.  By reason of the foregoing, Mr. Shelton is entitled

8  to a permanent injunction enjoining and restraining Defendants, and each of them, and all persons

9  acting in concert with them, from republishing, repeating, distributing or otherwise disseminating

10  the Rehab Story or the Statements to the extent such are found in the Action to be false and/or to

11  portray Mr. Shelton in a false light.

12                                **PRAYER FOR RELIEF**

13       WHEREFORE, Mr. Shelton prays for judgment as follows:

14                **AS TO THE FIRST CAUSE OF ACTION FOR LIBEL:**

15       1.       For actual and compensatory damages in an amount to be determined at the trial of

16  this action, but believed not to be less than One Million Dollars ($1,000,000.00);

17       2.       For exemplary and punitive damages;

18       3.       For a permanent injunction;

19          **AS TO THE SECOND CAUSE OF ACTION FOR FALSE LIGHT**

20                          **INVASION OF PRIVACY:**

21       4.       For actual and compensatory damages in an amount to be determined at the trial of

22  the action, but believed not to be less than One Million Dollars ($1,000,000.00);

23       5.       For exemplary and punitive damages;

24       6.       For a permanent injunction;

25                **AS TO ALL CLAIMS AND CAUSES OF ACTION:**

26       7.       For costs of suit herein incurred;

27       8.       For interest on any monetary award to Plaintiff at the legal rate; and,

28  ///

9.      For such other and further relief as the Court may deem just and proper.

Dated:  October 19, 2015                         LINER LLP


                                                 By: _____
                                                     Stanton L. Stein
                                                     Attorneys for Plaintiff Blake Tollison Shelton

50677.001-2556237v6

COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff Blake Tollison Shelton demands trial by jury on all matters and issues so triable.

Dated:  October 19, 2015

LINER LLP

By: _____
Stanton L. Stein
Attorneys for Plaintiff Blake Tollison Shelton

50677.001-2556237v6

COMPLAINT

10/19/2015

# EXHIBIT "A"



ONLY $2.99

IN TOUCH

THE REAL STORY

**AS MARRIAGE CRUMBLES**
**Beyoncé's Pregnant!**

*EXCLUSIVE*
**OUT OF CONTROL**
**Demi Lovato's Shocking Relapse**

**WASTING AWAY**
**Scott Busted Doing Cocaine**

**WHAT THEY REALLY MEAN**
**Secrets Behind**

# REHAB For Blake
## He Finally Hits Rock Bottom

- Drinking vodka before noon & slurring his words — it's worse than anyone knows
- What he did while wasted that destroyed his marriage
- How his friends begged him to stop

coverstory

# REHAB
# for Blake

## Blake Shelton hits rock bottom after his divorce from Miranda Lambert

**H**e was acting like a wild man. Blake Shelton indulged his every whim during a friend's bachelor party weekend in late August at the ME Melia resort in Cancun, Mexico. "He was doing shots of tequila nonstop and partied with strippers all weekend," says a hotel guest who witnessed the debauchery. "He was also flirting and talking to other women, including one cute blonde who was a Miranda Lambert lookalike who was staying at his hotel." Blake even bragged to his room...

No, $40k, appropriately named The Premier Suite for an absolute trashed week-event. The next day, adds the guest, "the woman was waiting for hours at the pool about hooking up with Blake, saying there sometime he was."

Less than two months after divorcing Miranda, Blake has hit rock bottom. Multiple sources say his drinking and womanizing are at...

...epic levels — and they're afraid for him. "Blake's partying has gotten out of control. He seems to think it's normal to live in a constant drunken state, but when he's drunk, he makes bad decisions," says a source. "His friends are terrified that he could end up dead at this rate." Adds a Blake insider: "Blake needs rehab. It's as simple as that."

**Blake's behavior in Mexico didn't stop with the blonde.** "Things got more and more wild as the day he was there," says the hotel guest. One night, the coverstory star Mr. Mc said his pals went to a cool strip club in called Boom. "They were in the newest topper-placed they did." Later that night, Blake appeared at the hotel with two women. He had to sign them into a reception and guy a fee in order to have them there as his guests, since it's an all-inclusive resort. "He was taking turns kissing them while he walked through the lobby carrying two...

...fresh bottles of tequila," recalls the guest. "Then they went up to his suite, got into a hot tub on the balcony and did tequila shots. Blake was kissing both girls there before they went into the bedroom for the night."

**Blake's drinking and womanizing are what helped torpedo...**



### His Wild Weekend

**During Blake's stay at Cancun's ME Melia resort, "He was the life of the party," says a hotel guest who saw him drinking tequila "nonstop."**

# HE CAN'T STOP TALKING ABOUT DRINKING



**Blake Shelton** @blakeshelton · Dec 13
Going out to dinner.. Drunk. #ifyoudontlikeitblowacamelandquitbeingsob utthurtallthetimepuss



**Blake Shelton** @blakeshelton · Jan 17
Just spent 2 days filming The Voice season 8... Drunk..



**Blake Shelton** @blakeshelton · Feb 1
Getting ready for the big game!! By drinking face completely off. Bitch...



**Blake Shelton** @blakeshelton · May 11
Ok sorry about the lecture... Now back to my regularly scheduled drinking.



**Blake Shelton** @blakeshelton · Jul 31
Helllooo Oregon!!!! I'm here and I have $100 for the first person that will make a liquor store run for me!!! Let's do this Sixes!!



**Blake Shelton** @blakeshelton · Aug 8
Ok Minnesota... I'm here and I haven't had a drink in a LONG time. Like 6 hours!!! I'm ready to unleash!!!! Bitch..



**Blake Shelton** @blakeshelton · Aug 28
Just found this in my hotel room... God help the people on this floor tonight.



When Blake isn't cracking jokes onstage about getting drunk, he's posting on Twitter about boozing it up. "He makes endless drunk jokes and proudly posts photos of alcohol on social media," says a worried source, who says it's really no joke. "He's poisoning his body and risking his life."



**Blake Shelton** @blakeshelton · Sep 2
Well its official.... I'm about to tour!!!!! The liquor store.. Bitch.

his four-year marriage to Miranda. Once a hard-core drinker herself, Miranda, 31, toned it down in late 2013. "She was his drinking buddy until she got into shape and started eating better and cut out the excess booze," says a source close to Miranda. "This never sat well with Blake." Blake is known for being drunk at awards shows and having a private bar set up in his dressing room. One person who knows both Blake and Miranda told *In Touch*: "Every time I've ever hung out with Blake, he's been drunk," adding that he drinks to the point where he slurs his words and stumbles. Miranda started videotaping Blake's drunken antics, says another source, "and would show him the next day how stupid he was when he drank, because he never believed or remembered what he did."

Although post-split headlines claimed Miranda cheated on Blake, multiple sources insisted it was the other way around. A Nashville, Tenn., source says that before their July divorce announcement, "Miranda caught Blake with a bunch of naked women in their Tennessee home one night." Many of their friends know the truth about "what Blake has gotten up to with the drinking and the women," adds the Nashville source, "and privately, many have sided with Miranda."

**The origin of Blake's destructive behavior is heartbreaking.** "He was only 14 when his older brother Richie died in a car accident. When he started drinking as a teenager, it was a form of coping with his brother's death," explains the insider. Blake has called the tragic accident "easily the toughest thing that I've been through. I put my [first] divorce [from Kaynette Williams] up there with my brother's death," he said in 2014. "Blake faced his first divorce with alcohol, too," adds the insider, "so it's a no-brainer that divorcing Miranda was another life event that he's handling with booze."

Blake's troubling behavior has only escalated since his split from Miranda. ("She kept Blake grounded. She was his voice of reason. But now that he's single," says the source, "he's free-falling to a very bad place. Of course, he's always liked to drink a lot, but now his alcohol consumption has skyrocketed. His close friends have talked about an intervention, but it hasn't happened yet. They need to hurry, because time is running out."

Sadly, Blake doesn't think he has a problem. In fact, he jokes about his love of alcohol on Twitter all the time (see box) and even admits to drinking liquor from a plastic cup while taping *The Voice*. The type of alcohol he drinks on set "varies," a source tells *In Touch* exclusively, but it's "always a mix of some sort. There have been times it was vodka drinks, then Jack Daniel's. ... But he does love his Tito's. It's made in America." An industry insider says Blake has been known to down vodka before noon. Adds the Blake insider: "He loves to

get hammered and he'll be the first one to tell you that. He wears his drinking like a badge of honor, but in the long run, it's going to kill him." It's already causing him to make bad decisions. Says the source: "One night he was so obliterated, he urinated on a mailbox in public! He

## 66

### Blake's friends have tried to help him.

They've told him, 'It's time to check yourself into a facility.' But he won't listen"

–AN INSIDER CLOSE TO BLAKE

could get himself arrested, not to mention lose respect from his fans and friends. He needs help."

Blake's public declarations about his love of booze are telling.

"That's a great behavioral indication of alcoholism," explains addiction expert Doug Thorburn, author of *Alcoholism Myths and Realities*, who hasn't counseled Blake. The country singer's repeated reference to getting drunk "means it's important to him. It's also a great way of distracting," Thorburn adds. "Addicts are brilliant at creating distractions, kind of like magicians. Like, 'Watch me joke about drinking, but don't watch that I've got a problem with drinking, how it makes me act badly.'"

Blake's friends, colleagues and handlers won't give up on him — and have all urged him to seek help. "They want him to take some time out and spend it in rehab," says a second insider, "but Blake insists throwing himself into the new season of *The Voice* is the best distraction and all he needs. If he continues on this path, he's facing an intervention. Everyone is praying that Blake can pull himself together and take control of this problem before it's too late." ▫



## Miranda vs Blake: SHOWDOWN AT THE CMAS

All eyes will be on Blake and Miranda – who are both up for multiple awards – at the Country Music Association Awards on Nov. 4, their first public event since their July divorce. "Miranda's been looking amazing and won't have a problem seeing Blake," says an insider, "but Blake will want to get a buzz going to deal with seeing Miranda." For co-hosts Carrie Underwood and Brad Paisley, the superstars' divorce is fair game. "They will certainly address it," adds the insider. "Producers are trying to get Blake and Miranda together onstage, too – or else they'll be the elephant in the room."

CLOCKWISE FROM BOTTOM LEFT: @BLAKESHELTON (@); @JAMIE/SPLASH; COVER CREDITS: CLOCKWISE FROM MAIN: GETTY; SCARADELLV/WENN; RETNA; @JUSTINBIEBER/GETTY; SPLASH (3)

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*

Stanton L. Stein (SBN 45997); Ashley R. Yeargan (SBN 259523)
LINER LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024

TELEPHONE NO.: (310) 500-3500          FAX NO.: (310) 500-3501
ATTORNEY FOR *(Name):* Plaintiff BLAKE SHELTON

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **LOS ANGELES**
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: Same
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Central District

CASE NAME: BLAKE TOLLISON SHELTON V. BAUER PUBLISHING COMPANY, L.P., ET AL.

**FOR COURT USE ONLY**

FILED
Superior Court of California
County of Los Angeles

OCT 19 2015

Sherri R. Carter, Executive Officer/Clerk
By _____ , Deputy
   Shaunya Bolden

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: BC 5 9 8 2 3 9 |
|---|---|---|---|---|
| ☒ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☒ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve            in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☒ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☒ punitive
4. Number of causes of action *(specify):* Two
5. This case ☐ is ☒ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: October 19, 2015

Stanton L. Stein
_____          ▶ _____
(TYPE OR PRINT NAME)                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Blake Tollison Shelton v. Bauer Publishing Company, L.P., et al. | BC 5 9 8 2 3 9 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☒ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL   5   ☐ HOURS/ ☒ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.

6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0

50677.001-2591313v1 (ARV)


American LegalNet, Inc.
www.FormsWorkFlow.com

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Blake Tollison Shelton v. Bauer Publishing Company, L.P., et al. | |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☒ A6010  Defamation (slander/libel) | 1., 2.,③ |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation       Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4


American LegalNet, Inc.
www.FormsWorkFlow.com

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Blake Tollison Shelton v. Bauer Publishing Company, L.P., et al. | |

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ/Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

50877.001-2591313v1 (ARY)



American LegalNet, Inc.
www.FormsWorkFlow.com

| SHORT TITLE: Blake Tollison Shelton v. Bauer Publishing Company, L.P., et al. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.  ☐1. ☐2. ☒3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS: 1100 Glendon Ave., 14th Floor |
|---|---|
| CITY: Los Angeles | STATE: CA | ZIP CODE: 90024 |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _____ Stanley Mosk _____ courthouse in the Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: October 19, 2015

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)
Stanton L. Stein

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04
50677.001-2591313v1 (ARY)

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Local Rule 2.0

American LegalNet, Inc.
www.FormsWorkFlow.com

# EXHIBIT B

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BAUER PUBLISHING COMPANY, L.P.; BAUER MAGAZINE, L.P.; BAUER
MEDIA GROUP, INC.; BAUER, INC.; HEINRICH BAUER NORTH AMERICA,
INC.; BAUER MEDIA GROUP USA, LLC; and DOES 1-20, *Inclusive*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BLAKE TOLLISON SHELTON, an individual

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |
| **FILED** |
| Superior Court of California |
| County of Los Angeles |
| OCT 19 2015 |
| Sherri R. Carter, Executive Officer/Clerk |
| By_____, Deputy |
| Shaunya Bolden |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
| --- | --- |
| *(El nombre y dirección de la corte es):* | *(Número del Caso)* BC 5 9 8 2 3 9 |

Superior Court of the State of California, County of Los Angeles
111 N. Hill Street
Los Angeles, California  90012
Central District

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Stanton L. Stein  Tel:  (310) 500-3500
LINER LLP
1100 Glendon Avenue, 14th Floor, Los Angeles, California  90024

| DATE: October 19, 2015 | Clerk, by | SHERRI R. CARTER | , Deputy |
| --- | --- | --- | --- |
| *(Fecha)* OCT 19 2015 | *(Secretario)* | SHAUNYA BOLDEN | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

American LegalNet, Inc.
www.FormsWorkflow.com

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

# EXHIBIT C

NOTICE SENT TO:

Liner LLP
1100 Glendon Avenue, 14th Floor
Los Angeles          CA  90024-3518

**FILED**
Superior Court of California
County of Los Angeles

OCT 29 2015

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | CASE NUMBER |
|---|---|---|
| BLAKE TOLLISON SHELTON | Plaintiff(s), | BC598239 |
| VS. | | |
| BAUER PUBLISHING COMPANY LP ET AL | Defendant(s). | **NOTICE OF CASE MANAGEMENT CONFERENCE** |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for  January 26, 2016  at  8:30 am  in  Dept. 38 at 111 North Hill Street, Los Angeles, California  90012.

**NOTICE TO DEFENDANT:      THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.**

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date:  October 29, 2015

_____
Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[  ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[  ] by personally giving the party notice upon filing the complaint.
Date:  October 29, 2015

Sherri R. Carter, Executive Officer/Clerk

by _____, Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Three

# EXHIBIT D

**FAX FILE**

1  DAVIS WRIGHT TREMAINE LLP
   ALONZO WICKERS IV (State Bar No. 169454)
2      alonzowickers@dwt.com
3  865 South Figueroa Street, 24th Floor
   Los Angeles, California 90017-2566
4  Telephone: (213) 633-6800/Fax: (213) 633-6899

5  DAVIS WRIGHT TREMAINE LLP
   ELIZABETH A. McNAMARA (*Of Counsel*)
6      lizmcnamara@dwt.com
7  1521 Avenue of the Americas, 21st Floor
   New York, New York 10020-1104
8  Telephone: (212) 489-8230/Fax: (212) 489-8340

9  Attorneys for Defendants
   BAUER PUBLISHING COMPANY, L.P., BAUER
10 MAGAZINE, L.P., BAUER MEDIA GROUP, INC.,
   BAUER, INC., HEINRICH BAUER NORTH AMERICA,
11 INC., BAUER MEDIA GROUP USA, LLC

12

13            SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                  FOR THE COUNTY OF LOS ANGELES

15

16 BLAKE TOLLISON SHELTON, an individual )   Case No. BC598239
                                         )   [Assigned to the Hon. Maureen Duffy-Lewis,
17              Plaintiff,               )   Dept. 38]
                                         )
18      vs.                              )
                                         )   **DEFENDANTS' ANSWER TO**
19 BAUER PUBLISHING COMPANY, L.P.;       )   **UNVERIFIED COMPLAINT**
   BAUER MAGAZINE, L.P.; BAUER MEDIA     )
20 GROUP, INC.; BAUER, INC.; HEINRICH    )
   BAUER NORTH AMERICA, INC.; BAUER      )   Action Filed:  October 19, 2015
21 MEDIA GROUP USA, LLC; and DOES 1-20,  )
   inclusive                            )
22                                       )
                                         )
23              Defendants.              )
                                         )
24                                       )
                                         )
25                                       )
                                         )
26                                       )
                                         )
27
28

ANSWER TO COMPLAINT

FILED
Superior Court of California
County of Los Angeles

NOV 09 2015

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
      Judi Lara

CIT/CASE:          BC598239
LEA/DEF#:

RECEIPT #: CCH520872057
DATE PAID: 11/09/15    02:18 PM
PAYMENT: $2,610.00          310
RECEIVED:
      CHECK:          $2,610.00
      CASH:               $0.00
      CHANGE:             $0.00
      CARD:               $0.00

Defendants Bauer Publishing Company, L.P., Bauer Magazine, L.P., Bauer Media Group, Inc., Bauer, Inc., Heinrich Bauer North America, Inc. and Bauer Media Group USA, LLC ("Defendants"), answering for themselves alone and no others, respond to the unverified Complaint of plaintiff Blake Tollison Shelton ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure § 431.30(d), Defendants generally deny each and every allegation contained in the Complaint, and further deny that Plaintiff is entitled to any equitable or legal relief against Defendants on any ground whatsoever.

## SEPARATE AND ADDITIONAL DEFENSES

Without admitting any of the allegations in the Complaint, Defendants allege the following separate and additional defenses.  By alleging these separate and additional defenses, Defendants are not in any way conceding that they bear the burden of proof or persuasion on any of these issues.

## FIRST SEPARATE AND ADDITIONAL DEFENSE

1.    The Complaint fails to state facts sufficient to constitute a cause of action against Defendants.

## SECOND SEPARATE AND ADDITIONAL DEFENSE

2.    Plaintiff's claims are barred, in whole or in part, by the First and Fourteenth Amendments to the U.S. Constitution and by Article I, § 2(a) of the California Constitution.

## THIRD SEPARATE AND ADDITIONAL DEFENSE

3.    All of Plaintiff's claims against Defendants arise from Defendants' exercise of their right of free speech, or their acts in furtherance of that right, in connection with an issue of public interest, and thus fall within the scope of California Code of Civil Procedure § 425.16.  Because Plaintiff cannot meet his burden of demonstrating a probability that he will prevail on each of his claims (or any claim), the claims must be stricken and Defendants must be awarded their attorneys' fees and costs incurred in defending against those claims.

ANSWER TO COMPLAINT

1

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## FOURTH SEPARATE AND ADDITIONAL DEFENSE

4.     Plaintiff's Complaint is barred, in whole or in part, because Defendants' speech involved matters of legitimate concern to the public, the publication of which is privileged under the First and Fourteenth Amendments to the U.S. Constitution, and Article I, § 2 of the California Constitution, and therefore cannot provide a basis for any recovery by Plaintiff.

## FIFTH SEPARATE AND ADDITIONAL DEFENSE

5.     Plaintiff's claims are barred, in whole or in part, because Defendants have not acted with the requisite degree of knowledge, intent, or fault.

## SIXTH SEPARATE AND ADDITIONAL DEFENSE

6.     Plaintiff's claims are barred, in whole or in part, because Defendants' conduct was reasonable, legally justified, and/or privileged and cannot give rise to any liability on their part.

## SEVENTH SEPARATE AND ADDITIONAL DEFENSE

7.     Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, estoppel, and/or unclean hands.

## EIGHTH SEPARATE AND ADDITIONAL DEFENSE

8.     Plaintiff's claims are barred, in whole or in part, to the extent that they arise from conduct not attributable to Defendants, including, but not limited to, statements or alleged implications that were not published by or authorized by Defendants.

## NINTH SEPARATE AND ADDITIONAL DEFENSE

9.     Plaintiff's causes of action are barred in whole or in part by the "libel-proof plaintiff" doctrine.

## TENTH SEPARATE AND ADDITIONAL DEFENSE

10.     Plaintiff's causes of action are barred in whole or in part, because if Plaintiff was harmed, which the Defendants deny, Plaintiff impliedly assumed the risk of that harm.

## ELEVENTH SEPARATE AND ADDITIONAL DEFENSE

11.     The allegedly defamatory statement or statements complained of by Plaintiff are protected by the doctrine of fair comment, and therefore cannot provide a basis for any recovery by Plaintiff.

ANSWER TO COMPLAINT

2

## TWELFTH SEPARATE AND ADDITIONAL DEFENSE

12.    Plaintiff's claims for relief against the Defendants are barred by the doctrine of neutral reportage.

## THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE

13.    Plaintiff's claims are barred, in whole or in part, because some or all of the allegedly defamatory statements and/or alleged implications that form the basis for his claims are not reasonably susceptible to a defamatory meaning, and thus cannot give rise to any claim against Defendants.

## FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE

14.    Plaintiff's claims are barred, in whole or in part, because any statements and/or alleged implications that form the basis for his claims do not assert verifiably false facts, and/or constitute rhetorical hyperbole or subjective statements of opinion, and thus cannot give rise to any claim against Defendants.

## FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE

15.    Plaintiff's claims are barred, in whole or in part, because to the extent that any statements or alleged implications that form the basis for his claims could be interpreted as asserting verifiable facts, those facts are substantially true, and thus cannot give rise to any claim against Defendants.

## SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE

16.    Plaintiff's claims are barred, in whole or in part, because he is a public figure and Defendants did not publish any false statement or implication about him with actual malice.

## SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE

17.    Plaintiff's claims are barred, in whole or in part, because the statements or alleged implications that form the basis for his claims are not defamatory *per se*, and they have not alleged special damages with sufficient particularity, and cannot prove special damages.

ANSWER TO COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax (213) 633-6899

## EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE

18.     Plaintiff's claim for false light invasion of privacy is duplicative of his cause of action for defamation, and should be dismissed as mere surplusage, and it is subject to the same defenses.

## NINETEENTH SEPARATE AND ADDITIONAL DEFENSE

19.     Plaintiff's claims are barred, in whole or in part, because Plaintiff's damages, if any, are vague, uncertain, and speculative.

## TWENTIETH SEPARATE AND ADDITIONAL DEFENSE

20.     Plaintiff's claims are barred, in whole or in part, because the damages allegedly suffered by Plaintiff, if any, were not proximately caused by Defendants.

## TWENTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

21.     Plaintiff's claims are barred, in whole or in part, because of Plaintiff's failure to mitigate his alleged damages, if any.

## TWENTY-SECOND SEPARATE AND ADDITIONAL DEFENSE

22.     Plaintiff is not entitled to punitive or exemplary damages because the statements and/or alleged implications that form the basis for his claims involve a matter of public concern and no statement or implication about Plaintiffs was published with the requisite degree of fault.

## TWENTY-THIRD SEPARATE AND ADDITIONAL DEFENSE

23.     Plaintiff is not entitled to recover punitive or exemplary damages because he cannot establish facts sufficient to show that Defendants are guilty of oppression, fraud, or malice within the meaning of California Civil Code § 3294.

## TWENTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE

24.     Plaintiff's Complaint, to the extent that it seeks punitive damages against Defendants, violates Defendants' rights to procedural and substantive due process under the Fourteenth Amendment to the United States Constitution and Article I, § 7 of the California Constitution because, among other things, of the vagueness and uncertainty of the criteria for the imposition of punitive damages and the lack of fair notice of what conduct will result in the

ANSWER TO COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

imposition of such damages.  Therefore, Plaintiff cannot recover punitive damages against Defendants in this case.

## TWENTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE

25.     Plaintiff's Complaint, to the extent that it seeks punitive damages against Defendants, violates Defendants' rights to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, § 7 of the California Constitution because, among other things, there is no legitimate state interest in punishing Defendants' allegedly unlawful conduct at issue here, or in deterring its possible repetition. Therefore, Plaintiff cannot recover punitive damages against Defendants in this case.

## TWENTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE

26.     Plaintiff's Complaint, to the extent that it seeks punitive damages against Defendants, violates Defendants' rights to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, § 7 of the California Constitution because, among other things, the alleged wrongful conduct at issue here is not sufficiently reprehensible to warrant any punitive damage recovery.  Therefore, Plaintiff cannot recover punitive damages against Defendants in this case.

## TWENTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE

27.     Plaintiff's Complaint, to the extent that it seeks punitive damages against Defendants, violates Defendants' rights to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, § 7 of the California Constitution because, among other things, any punitive damage award would be grossly out of proportion to the alleged wrongful conduct at issue here.  Therefore, Plaintiff cannot recover punitive damages against Defendants in this case.

## TWENTY-EIGHTH SEPARATE AND ADDITIONAL DEFENSE

28.     Plaintiff's Complaint, to the extent that it seeks punitive damages against Defendants, violates Defendants' rights to protection from "excessive fines" under Article I, § 17 of the California Constitution, and it violates Defendants' rights to substantive due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution and Article I,

5

ANSWER TO COMPLAINT

§ 7 of the California Constitution. To the extent that the Complaint seeks punitive damages authorized under Civil Code § 3294 or any other California law, no punitive damages may constitutionally be awarded because that statute is unconstitutional under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, § 7 and Article IV, § 16 of the California Constitution because neither it, nor any other law of California, establishes the maximum punitive damages award which may be imposed in this case. Therefore, Plaintiff cannot recover punitive damages against Defendants in this case.

**TWENTY-NINTH SEPARATE AND ADDITIONAL DEFENSE**

29.     The imposition of punitive damages against Defendants would deny equal protection of the laws, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, § 7 and Article IV, § 16 of the California Constitution. Therefore, Plaintiff cannot recover punitive damages against Defendants.

**THIRTIETH SEPARATE AND ADDITIONAL DEFENSE**

30.     Plaintiff's causes of action are barred in whole or in part by the incremental harm doctrine.

**THIRTY-FIRST SEPARATE AND ADDITIONAL DEFENSE**

31.     Defendants have insufficient knowledge or information upon which to form a belief as to whether they may have additional, as yet unstated, separate defenses available to them. Defendants reserve their right to assert additional separate defenses in the event discovery indicates that such defenses would be appropriate. Defendants further reserve the right to supplement, amend, or modify their separate and additional defenses, as appropriate, based on information obtained during the course of this litigation.

THEREFORE, Defendants pray for judgment as follows:

1.     That Plaintiff takes nothing by this action;

2.     That judgment be entered in favor of Defendants and against Plaintiff;

6

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

3.    That Defendants recover their costs and attorneys' fees in this action; and

4.    For such other relief as the Court deems just and proper.

DATED: November 9, 2015

DAVIS WRIGHT TREMAINE LLP
ELIZABETH A. McNAMARA
ALONZO WICKERS IV

By:      _____
           Alonzo Wickers IV.

Attorneys for Defendants
BAUER PUBLISHING COMPANY, L.P.
BAUER MAGAZINE, L.P.
BAUER MEDIA GROUP, INC.
BAUER, INC.
HEINRICH BAUER NORTH AMERICA, INC.
BAUER MEDIA GROUP USA, LLC

ANSWER TO COMPLAINT

7

## PROOF OF SERVICE BY MAIL

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

On November 9, 2015, I served the foregoing document(s) described as: **DEFENDANTS' ANSWER TO UNVERIFIED COMPLAINT** by placing a **true copy** of said document(s) enclosed in a sealed envelope(s) for each addressee named below, with the name and address of the person served shown on the envelope as follows:

**Attorneys for Plaintiff**
Stanton L. Stein
Ashley R. Yeargan
**LINER LLP**
1100 Glendon Avenue, 14th Floor
Los Angeles, CA 90024-3518
Tel: (310) 500-3500
Fax: (310) 500-3501
E-Mail: lstein@linerlaw.com

I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service. I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

Executed on November 9, 2015, at Los Angeles, California.

☒   State         I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

_____          _____
CAROLINA SOLANO                              Signature
Print Name

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax (213) 633-6899

# EXHIBIT E

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Stanton L. Stein, 45997<br>Liner LLP<br>1100 Glendon Avenue<br>Los Angeles, CA 90024<br>TELEPHONE NO.: (310) 500-3500<br>ATTORNEY FOR *(Name):* Plaintiff | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>NOV 09 2015<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By_____, Deputy<br>Judi Lara |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF |
|---|
| Superior Court of California, Los Angeles County<br>111 N. Hill Street<br>Los Angeles, CA 90012-3117 |

| PLAINTIFF/PETITIONER: Blake Tollison Shelton, an individual | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Bauer Publishing Company, L.P. et al. | BC598239   D38 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>50677.001 |
|---|---|

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of: Complaint, Summons, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum And Statement Of Location, Notice of Case Assignment

3. a. Party served: Bauer, Inc.

   b. Person Served: Jeanette Orzybowski - Person authorized to accept service of process

4. Address where the party was served: 802 West Street
   Wilmington, DE 19801

5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) or *(date):* 10/22/2015      (2) at *(time):* 1:46 PM

6. The "Notice to the Person Served" (on the summons) was completed as follows:

   c. on behalf of:

   Bauer, Inc.

   under:      CCP 416.10 (corporation)

7. Person who served papers
   a. Name:          Daniel Newcomb
   b. Address:       One Legal - 194-Marin
                     504 Redwood Blvd #223
                     Novato, CA 94947
   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 169.95
   e. I am:
      (1) Not a registered California process server.

8. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: 10/26/2015

Daniel Newcomb                                    *Daniel Newcomb*
(NAME OF PERSON WHO SERVED PAPERS)                         (SIGNATURE)

| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

# EXHIBIT F

POS-010

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Stanton L. Stein, 45997<br>Liner LLP<br>1100 Glendon Avenue 14th Floor<br>Los Angeles, CA 90024<br>TELEPHONE NO.: (310) 500-3500<br>ATTORNEY FOR (Name): Plaintiff | FOR COURT USE ONLY |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
Superior Court of California, Los Angeles County
111 N. Hill Street
Los Angeles, CA 90012-3117

**FILED**
Superior Court of California
County of Los Angeles

NOV 09 2015

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Judi Lara

PLAINTIFF/PETITIONER: Blake Tollison Shelton

DEFENDANT/RESPONDENT: Bauer Publishing Company LP, et al.

CASE NUMBER:
BC598239

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>50677.001 |
|---|---|

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of: Summons, Complaint, Civil Case Cover Sheet, Notice of Case Assignment, Voluntary Efficient Litigation Stipulations, Civil Case Cover Sheet Addendum And Statement of Location,

**By Fax**

3. a. Party served: Bauer Media Group, Inc.

   b. Person Served: XL Corporate Services, Inc.-Shannon Nazarenko - Person authorized to accept service of process
4. Address where the party was served: 720 14th Street
   Sacramento, CA 95814
5. I served the party
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 10/22/2015   (2) at (time): 10:39 AM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

   Bauer Media Group, Inc.

   under: CCP 416.10 (corporation)
7. Person who served papers
   a. Name: Jermaine de Jose
   b. Address: One Legal - 194-Marin
      504 Redwood Blvd #223
      Novato, CA 94947

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 68.95
   e. I am:
      (3) registered California process server.
         (i)   Employee or Independent contractor.
         (ii)  Registration No.: 2008-47
         (iii) County: SACRAMENTO

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.
Date: 10/26/2015

Jermaine de Jose
(NAME OF PERSON WHO SERVED PAPERS)                                    (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]

Code of Civil Procedure, § 417.10

**PROOF OF SERVICE OF SUMMONS**

OL# 8603232

# EXHIBIT G

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Stanton L. Stein, 45997<br>Liner LLP<br>1100 Glendon Avenue<br>Los Angeles, CA 90024<br>TELEPHONE NO.: (310) 500-3500<br>ATTORNEY FOR (Name): Plaintiff | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>NOV 09 2015<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By _____ , Deputy<br>Judi Lara |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

Superior Court of California, Los Angeles County
111 N. Hill Street
Los Angeles, CA 90012-3117

PLAINTIFF/PETITIONER: Blake Tollison Shelton, an individual

DEFENDANT/RESPONDENT: Bauer Publishing Company, L.P. et al.

| | CASE NUMBER: |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | BC598239 |
| | Ref. No. or File No.: 50677.001 |

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of: Complaint, Summons, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum, Notice of Case Assignment

3. a. Party served: Bauer Media Group USA, LLC

   b. Person Served: Jeanette Orzybowski – Person authorized to accept service of process

4. Address where the party was served:   802 West Street
   Wilmington, DE 19801

5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) or (date): 10/22/2015      (2) at (time): 1:46 PM

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   c. on behalf of:

   Bauer Media Group USA, LLC

   under:      Other: Limited Liability Company

7. Person who served papers
   a. Name:      Daniel Newcomb
   b. Address:      One Legal – 194-Marin
                    504 Redwood Blvd #223
                    Novato, CA 94947
   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 53.95
   e. I am:
      (1) Not a registered California process server.

8. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: 10/26/2015

Daniel Newcomb                                    _Daniel Newcomb_
(NAME OF PERSON WHO SERVED PAPERS)                      (SIGNATURE)

Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

OL# 1778141

# EXHIBIT H

FILED  POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Stanton L. Stein, 45997<br>Liner LLP<br>1100 Glendon Avenue<br>Los Angeles, CA 90024<br>TELEPHONE NO.: (310) 500-3500<br>ATTORNEY FOR *(Name):* Plaintiff | Superior Court of California<br>County of Los Angeles<br><br>NOV 09 2015<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By _____, Deputy<br>Judi Lara |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF |
|---|
| Superior Court of California, Los Angeles County<br>111 N. Hill Street<br>Los Angeles, CA 90012-3117 |

| PLAINTIFF/PETITIONER: Blake Tollison Shelton, an individual | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Bauer Publishing Company, L.P. et al | BC598239   038 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>50677.001 |
|---|---|

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of: Complaint, Summons, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum, Notice of Case Assignment

3. a. Party served: Heinrich Bauer North America, Inc.

   b. Person Served: Jeanette Orzybowski - Person authorized to accept service of process

4. Address where the party was served:   802 West Street
   Wilmington, DE 19801

5. I served the party
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) or *(date):* 10/22/2015      (2) at *(time):*  1:46 PM

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   c. on behalf of:

   Heinrich Bauer North America, Inc.

   under:     CCP 416.10 (corporation)

7. Person who served papers
   a. Name:       Daniel Newcomb
   b. Address:    One Legal - 194-Marin
                  504 Redwood Blvd #223
                  Novato, CA 94947
   c. Telephone number: 415-491-0606
   d. The fee for service was:  $ 53.95
   e. I am:
       (1) Not a registered California process server.

8. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: 10/26/2015

Daniel Newcomb                                           Daniel Newcomb
(NAME OF PERSON WHO SERVED PAPERS)                       (SIGNATURE)

| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007] | PROOF OF SERVICE OF SUMMONS | Code of Civil Procedure, § 417.10 |
|---|---|---|

OL# 1778140

# EXHIBIT I

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Stanton L. Stein (SBN 45997); Ashley R. Yeargan (SBN 259523)
Liner LLP
1100 Glendon Avenue, 14th FL,
Los Angeles, CA 90024
TELEPHONE NO.: (310) 500-3500    FAX NO. *(Optional):* (310) 500-3501
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Plaintiff BLAKE SHELTON

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Los Angeles**
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

**FILED**
Superior Court of California
County of Los Angeles

NOV 09 2015

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Judi Lara

PLAINTIFF/PETITIONER: Blake Tollison Shelton

DEFENDANT/RESPONDENT: Bauer Publishing Company, L.P., et al.

CASE NUMBER:
BC591516   BC598239
D4/

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: 50677.001 |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☒ summons
   b. ☒ complaint
   c. ☒ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☒ other *(specify documents):* Civil Case Cover Sheet Addendum and Statement of Location and Notice of Case Assignment (Hon. Maureen Duffy-Lewis - Department 38)
3. a. Party served *(specify name of party as shown on documents served):*

   b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):* Gregory Welch, General Counsel, who agreed to accept service on behalf of Bauer Magazine, L.P.
4. Address where the party was served: 270 Sylvan Avenue, Englewood Cliffs, NJ 07632
5. I served the party (check proper box)
   a. ☒ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 10/26/2015    (2) at *(time):*
   b. ☐ **by substituted service.** On *(date):*                at *(time):*              I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*          from *(city):*              or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER: Blake Tollison Shelton. | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Bauer Publishing Company, L.P., et al. | BC591516 |

5.  c. ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                     (2) from *(city):*

    (3) ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐  **by other means** *(specify means of service and authorizing code section):*

    ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐  as an individual defendant.
  b. ☐  as the person sued under the fictitious name of *(specify):*
  c. ☐  as occupant.
  d. ☒  On behalf of *(specify):* Bauer Magazine, L.P.
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7.  **Person who served papers**
  a.  Name:
  b.  Address:
  c.  Telephone number:
  d.  **The fee for service was: $**
  e.  I am:
    (1) ☐  not a registered California process server.
    (2) ☐  exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐  a registered California process server:
      (i) ☐  owner    ☐  employee    ☐  independent contractor.
      (ii)  Registration No.:
      (iii)  County:

8.  ☒  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: November 9, 2015

Stanton L. Stein
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
(SIGNATURE)

American LegalNet, Inc.
www.FormsWorkflow.com

# EXHIBIT J

POS-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Stanton L. Stein (SBN 45997); Ashley R. Yeargan (SBN 259523)<br>Liner LLP<br>1100 Glendon Avenue, 14th FL,<br>Los Angeles, CA 90024<br>TELEPHONE NO.: (310) 500-3500      FAX NO. *(Optional):* (310) 500-3501<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):*  Plaintiff BLAKE SHELTON | **FOR COURT USE ONLY**<br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br>**NOV 09 2015**<br>Sherri R. Carter, Executive Officer/Clerk<br>By_____, Deputy<br>Judi Lara |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Los Angeles**
STREET ADDRESS:  111 N. Hill Street
MAILING ADDRESS:  111 N. Hill Street
CITY AND ZIP CODE:  Los Angeles 90012
BRANCH NAME:  Stanley Mosk Courthouse

| | |
|---|---|
| PLAINTIFF/PETITIONER: Blake Tollison Shelton<br><br>DEFENDANT/RESPONDENT: Bauer Publishing Company, L.P., et al. | CASE NUMBER:<br>~~BC591516~~<br>BC595239  D4/6 |

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>50677.001 |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☒ summons
   b. ☒ complaint
   c. ☒ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☒ other *(specify documents):* Civil Case Cover Sheet Addendum and Statement of Location and Notice of Case Assignment (Hon. Maureen Duffy-Lewis - Department 38)
3. a. Party served *(specify name of party as shown on documents served):*

   b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      Gregory Welch, General Counsel, who agreed to accept service on behalf of Bauer Publishing Company, L.P.
4. Address where the party was served: 270 Sylvan Avenue, Englewood Cliffs, NJ 07632
5. I served the party (check proper box)
   a. ☒ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 10/26/2015      (2) at *(time):*
   b. ☐ **by substituted service.** On *(date):*      at *(time):*      I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*      from *(city):*      or ☐ a declaration of mailing is attached.
      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007]   **PROOF OF SERVICE OF SUMMONS**   Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: Blake Tollison Shelton. | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Bauer Publishing Company, L.P., et al. | BC591516 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                                (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*) (Code Civ. Proc., § 415.30.)*

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

      ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☒ On behalf of *(specify):* Bauer Publishing Company, L.P.
    under the following Code of Civil Procedure section:

|  |  |
|---|---|
| ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
  a. Name:
  b. Address:
  c. Telephone number:
  d. The fee for service was: $
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
      (i) ☐ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8. ☒    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    **or**

9. ☐    I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: November 9, 2015

Stanton L. Stein
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                  (SIGNATURE)

American LegalNet, Inc.
www.FormsWorkflow.com